UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| *Martha Griffin, et al.,* * * * *Plaintiffs,* * * * *v.* * * * *National Public Radio, Inc.* * * * *Defendant.* * | *Civil Action No.: 76 – 0229* *(J. Waddy)* |

## DEFENDANT NATIONAL PUBLIC RADIO'S MOTION TO REOPEN CASE

Defendant National Public Radio, Inc. ("NPR" or "Defendant"), by and through its undersigned counsel, files this Motion to Reopen the above-captioned case. In support thereof, Defendant states as follows:

1. The instant action was filed on February 5, 1976. The Court certified this action as a class action on September 17, 1976, and designated Plaintiffs Martha Griffin, William Green and Lloyd Morrison as the class representatives. On April 1, 1977, the Court defined the class as "[a]ll present and former black employees of NPR who, because of their race, have been adversely affected by Defendant's unlawful employment practices, and all black persons who have been or may be denied employment by Defendant, NPR, because of their race." On January 27, 1978, the parties reached a settlement agreement and dismissed the Complaint with prejudice as to the named Plaintiffs, and without prejudice as to the unnamed class members.

2. As part of the agreement, the parties entered into a consent decree which required that NPR incorporate various terms and conditions into its Manual of Policies and Procedures,

RECEIVED
FEB 13 2006
NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

and implement various actions to address the claims that had been raised by Plaintiffs related to hiring and promotion practices.

3.  The final action in the case occurred on March 28, 1978 when the Court entered an Order approving the settlement agreement and dismissing the case. No further action has been taken by the parties or this Court since 1978.

4.  There are no provisions in the 1978 Consent Decree that detail how the Court would monitor and/or supervise NPR's achievement of the requirements set forth therein or a provision for the termination of application of those requirements at a future specified date.

5.  Because NPR is uncertain of whether the requirements of the 1978 Consent Decree continue to apply to its personnel operations, and no final order addressing this specific question has been issued by the Court, NPR seeks review by this Court of its current status under the 1978 Consent Decree.

6.  Specifically, NPR is desirous of having the record of this case clarified to include a declaration from the Court that it has met the requirements established by the 1978 Consent Decree. A Motion to Terminate and/or Vacate the March 28, 1978 Consent Decree is attached hereto as Exhibit A. NPR respectfully requests that the Court accept the Motion To Terminate

and/or Vacate the March 28, 2978 Consent Decree for consideration and resolution.

                                                    Respectfully submitted,

                                                    SEYFARTH SHAW LLP

                                                    */s/ Abbey G. Hairston*

                                                  Abbey G. Hairston
                                                Christina S. Pignatelli
                                                815 Connecticut Avenue, NW
                                                Suite 500
                                                Washington, D.C. 20006-400
                                                (202) 463 – 2400

February 13, 2006                              Counsel for Defendant National Public Radio, Inc.

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true and correct copy of the foregoing Defendant National Public Radio's Motion to Reopen the Case, along with exhibits, were hand-delivered on this 13th day of February 2006, to the following:

>David Cashdan
>Cashdan & Kane
>1150 Connecticut Avenue, NW
>Suite 900
>Washington, D.C. 20036
>
>Counsel for Plaintiffs

*Abbey G. Hairston*
Abbey G. Hairston