# Collective Bargaining Agreement

BETWEEN

# NATIONAL PUBLIC RADIO, INC.

AND

# AFTRA

THE AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS
WASHINGTON-BALTIMORE LOCAL

October 1, 2003 – March 31, 2006

Exhibit 10

01 tididx3

Case 1:76-cv-00229-CKK   Document 1-13   Filed 02/13/2006   Page 2 of 4

AGREEMENT BETWEEN
NATIONAL PUBLIC RADIO, INC. AND
THE AMERICAN FEDERATION OF TELEVISION AND RADIO ARTISTS

This Agreement is between the American Federation of Television and Radio Artists and its Washington-Baltimore Local (AFTRA), and National Public Radio, Inc. (NPR), a D.C. nonprofit corporation.

ARTICLE 1          RECOGNITION

Pursuant to Section 9(a) of the National Labor Relations Act, as amended, it is agreed that AFTRA is the exclusive representative of all employees in the unit set forth below found to be appropriate for the purposes of collective bargaining with respect to rates of pay, wages, hours of employment, or other conditions of employment.

> U.S.-based production employees, editorial assistants, librarians and transcript coordinators wherever employed by NPR, but excluding office clerical employees, engineering employees, freelancers, guards, and supervisors as defined in the Act.

ARTICLE 2          NONDISCRIMINATION

A. **Equal Opportunity.** National Public Radio is an equal opportunity employer. The Company and AFTRA agree not to discriminate on the basis of race, color, religion, national origin, sex, age, sexual orientation, disability, or any other basis protected by law.

B. **Third-Party Dispute Resolution.** This section addresses "claims" (not grievances), which are defined as any dispute between a unit employee and NPR (including its officers, directors, employees and agents acting in the scope of their duties) arising under any state or federal statute or common law ("Claim").

1. No unit employee will file any suit against NPR arising from any Claim until the Claim has been submitted to fact-finding as hereafter set forth, provided that nothing herein deprives any unit employee who is dissatisfied with the recommendation of the fact-finder of any right to pursue judicial action against NPR with respect to the Claim.

2. Any Claim will be resolved by a fact-finding proceeding administered by the American Arbitration Association under its National Rules for the Resolution of Employment Disputes (the "AAA Rules"). The fact-finding proceeding will be conducted expeditiously in light of the nature of the claim and needs of the parties. The parties will advise each other within 30 days of the decision of the fact-finder whether they accept or reject that decision.

3. The fact-finding proceeding for any Claim will be subject to the following:

   a. If the employee chooses to be represented during the fact-finding proceeding by a lawyer, then NPR may use a lawyer. If the unit employee elects not to be represented by a lawyer during the proceeding, then NPR will use a non-lawyer. The employee will make such an election within 14 days after a demand for fact-finding is filed. In the absence of such an election, NPR may use either a lawyer or a non-lawyer representative.

   b. The parties will not file briefs unless requested by the fact-finder.

   c. Any statute of limitations applicable to a Claim will be deemed tolled and stayed from the date of filing a demand for fact-finding until the date of the fact-finder's recommendation. However, an employee will be entitled to file a charge of discrimination if necessary to preserve jurisdiction.

1

...


d. NPR will not take any adverse action against any person appearing as a witness in such proceeding because of such an appearance.

e. Each party will bear its own attorneys' fees (if any) for the fact-finding, except that in the event the employee prevails, the fact-finder will recommend that NPR reimburse the employee's reasonable fees for representation. The determination whether an employee has prevailed will be based upon the statute or law under which the claim arises. NPR will pay the fact-finder's fees and expenses and any charges of the American Arbitration Association.

f. The fact-finding record, including any demands, pleadings, motions, testimony, exhibits, briefs, awards, or other documents of any kind, will not be admitted in any subsequent judicial or administrative proceeding arising from that Claim, and neither party shall refer to the outcome of any fact-finding in such a proceeding.

g. In the event NPR rejects the recommendations of the fact-finder and the employee subsequently prevails before a court or administrative body, NPR will pay the greater of (1) any amounts awarded by the court or administrative body, or (2) 110% of the make-whole relief recommended by the fact-finder for an individual employee (back pay, front pay or restoration of benefits), but excluding any recommendations for compensatory or punitive damages.

## ARTICLE 3    MANAGEMENT RIGHTS

Although NPR has certain rights, it is desirable to exercise such rights in a manner that, to the extent reasonable, has the support of AFTRA and encourages positive labor-management relations. NPR will discuss with AFTRA the reasons for exercising its rights with respect to any change that will substantively affect the terms and conditions of employment of unit employees. The parties will make reasonable efforts to proceed expeditiously under this provision. This paragraph shall not be construed as a waiver by NPR or AFTRA of their respective rights under the contract or the National Labor Relations Act.

Except as expressly modified or restricted by a specific provision of this Agreement, all statutory and inherent managerial rights, prerogatives, and functions are retained and vested exclusively in NPR, including, but not limited to, the rights in accordance with its sole and exclusive judgment and discretion: to determine the number of employees to be employed; to hire employees; to assign and direct their work; to promote and transfer employees; to maintain the efficiency of operations; to determine the personnel by and facilities in which operations are conducted; to use temporary employees to perform work or services; to close down or relocate NPR's operations or any part thereof; to expand, reduce, alter, combine, transfer, assign, or cease any job, department, operation, or service; to control and regulate the use of facilities, equipment, and other property of NPR; to determine the number, location and operation of departments, divisions, and all other units of the Company; to issue, amend and revise policies, rules, regulations, and practices; to determine the services to be rendered; and to take whatever action to determine, manage and fulfill the mission of NPR and to direct NPR employees. NPR's failure to exercise any right, prerogative, or function hereby reserved to it, or the exercise of any such right, prerogative, or function in a particular way, will not be considered a waiver of NPR's right to exercise such right, prerogative, or function or preclude it from exercising the same in some other way not in conflict with the express provisions of this Agreement. Management agrees to exercise all its rights reasonably and not act in an arbitrary or capricious manner in carrying out the terms of the collective bargaining agreement.

## ARTICLE 4    UNION SECURITY

During the term of this Agreement, NPR will employ for the positions covered by this Agreement only those who are members of AFTRA in good standing (defined as payment of uniformly required initiation fees and uniformly required dues) or who apply for membership during the first 30 calendar days of employment and maintain membership in good standing. NPR will notify AFTRA promptly whenever an employee is hired under this Agreement or ceases to be employed under this Agreement. AFTRA agrees that it is and will continue to be an open Union and that it will keep its membership rolls open and will admit to membership all eligible

2